VIDAL, PLAINTIFF AND APPELLEE, v. ANTIQUE ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action
to Recover a Mortgage Credit and to Annul a Deed.

No. 2009.—Decided July 11, 1919.

RATIFICATION—MENTAL INCAPACITY.—The lower court held that before and at
the time of the execution of the deed of ratification sought to be annulled,
Eleuterio Vidal was mentally incapacitated, being unable therefore to consent
to such ratification, and for that reason sustained the complaint and adjudged
that the deed of ratification was null and void as well as its record in the
Registry of Property of Caguas, with costs, disbursements and attorney fees:
*Held:* That as the said judgment is supported by the evidence, it should be
affirmed, inasmuch as it has not been shown that the court was influenced by
passion, prejudice or partiality, or committed manifest error.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellants.

*Mr. José C. Ramos* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In September of 1917 José Juan Vidal, guardian *ad litem*
of Eleuterio Vidal who had been adjudged incapacitated by
the District Court of Guayama on May 28 of the said year,
brought an action in that court against Francisca Antique
and her minor children José and Francisco Perujo Antique,
praying for judgment for the restitution to Eleuterio Vidal
of the ownership or real rights which he had, on or about
May 11, 1917, of or in a certain mortgage credit assigned to
him by Clodomiro Colón Ramos, for the annulment of the
deed executed by Eleuterio Vidal on May 11, 1917, whereby
he ratified another deed of March 12, 1901, and for the annul-
ment of the record thereof in the registry of property.

The defendants denied all of the essential facts alleged
in the complaint and pleaded special matter of defense.

The said deed of ratification of May 11, 1917, was intro-
duced in evidence at the trial and shows that by a deed of
January 25, 1896, José Abdón Díaz and his wife, Eleuteria

Larrauri, created a mortgage in favor of Clodomiro Colón Ramos on a rural property of 97 acres to guarantee the payment of a credit of 1,200 *pesos;* that on October 9, 1897, Clodomiro Colón Ramos assigned that credit to Eleuterio Vidal Colón on condition that the latter should pay the amount thereof to José Perujo y Oliva for Colón's account, which condition was not fulfilled by Eleuterio Vidal, and that by another deed of March 12, 1901, José Abdón Díaz and his wife, Eleuteria Larrauri, conveyed to José Perujo y Oliva their ownership rights in the mortgaged property. Under these facts Eleuterio Vidal, by the deed of May 11, 1917, ratified and accepted the deeds referred to, such ratification being properly antedated in order that the deed of March 12, 1901, could be recorded in the registry of property, and Vidal waiving any right which he might have.

In order to obtain a judgment as prayed for, Eleuterio Vidal's guardian *ad litem* alleged that for some time, and especially on and prior to May 11, 1917, his ward had been suffering from a syphilitic disease of a general nature which had brought him to a state of imbecility and idiocy that incapacitated him for attending to business, he having lost his memory completely and the capacity to distinguish a good bargain from a bad one, and that defendant Francisca Antique took advantage of that condition for the purpose of securing a ratification by Eleuterio Vidal, for her benefit and for that of her minor children, of the deed of March 12, 1901, so that it could be recorded in the Registry of Property of Guayama.

The case was tried and the court found that on May 11, 1917, when the deed of ratification was executed, and prior to that date, Eleuterio Vidal was mentally incapacitated as a result of a syphilitic disease which affected his brain, he being unable, therefore, to consent to such ratification, and, consequently, rendered judgment on September 12, 1918, sustaining the complaint and adjudging that the deed of ratification as well as its record in the Registry of Property

of Guayama were null and void, with the costs, disbursements and attorney fees.

Counsel for the defendants appealed to this court from that judgment, alleging as ground for the appeal that the court erred in holding that Eleuterio Vidal was incapacitated when he executed the deed of ratification referred to, and that it also erred in imposing upon the defendants the costs, disbursements and attorney fees.

We have examined the evidence produced at the trial by both parties and after a careful consideration of the same we find that the judgment is supported by the weight of the evidence, and that it has not been shown to this court that the court of Guayama was influenced in weighing the evidence by passion, prejudice or partiality, or committed manifest error.

As to the imposition of costs, disbursements and attorney fees, it does not appear that the said court abused the discretional power conferred upon it by law.

The judgment appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.